UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

**CLARENCE ANDREW STIFF**                                                                 **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 3:24-CV-P609-JHM**

**NOAH STRAMAN et al.**                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Clarence Andrew Stiff, a pretrial detainee proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's malicious prosecution charge will be dismissed without prejudice and his unlawful search and seizure and wrongful arrest claims will be stayed.

## I. STATEMENT OF CLAIMS

Plaintiff sues Louisville Metro Police Department (LMPD) Detectives Noah Straman, Jared Goff, and Christopher Marks; LMPD Sergeant Joshua Arnwine; and the LMPD Violent Crimes Unit. He alleges that on October 27, 2023, the LMPD Violent Crimes Unit "blinded [him] with high beams" as he exited a gas station. He states that, once he recognized that it was the police, he lay on the ground; he was then handcuffed and "dragged" at gunpoint. He alleges that he was told that he was being arrested for a buccal swab/DNA warrant, but that it was an unlawful arrest, search, and seizure because there was "nothing legitimate to compare [his] DNA to." He alleges that his Fourth Amendment rights to be free from unreasonable search and seizure and wrongful arrest were violated.

Plaintiff further alleges that Defendant Straman maliciously prosecuted him because, in drafting the affidavit for the buccal swab warrant, he intentionally misled the state-court judge. According to Plaintiff, there was no need to swab for his DNA since he was not under arrest and since, because he was a felon, his DNA profile was already available in the "CODIS" system.

Plaintiff requests compensatory and punitive damages and injunctive relief of having the LMPD trained on the "DNA Act."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Unlawful search and seizure and wrongful arrest claims

Plaintiff's claims of unlawful search and seizure and wrongful arrest relate to rulings that will likely be made in his pending criminal action in this Court, *United States v. Stiff*, No. 3:24-cr-22-RGJ, in which he faces charges of being a felon in possession of a firearm.

Although district courts ordinarily do not consider matters outside of a civil rights complaint when deciding whether to dismiss it for failure to state a claim, they may consider public records and any other matters of which the Court may take judicial notice under Federal Rule of Evidence 201(b). The Court, thus, consults the record in Plaintiff's pending federal criminal case in this Court, *United States v. Stiff*, No. 3:24-cr-22-RGJ. In her Memorandum Opinion and Order denying Plaintiff's motion to suppress in his criminal proceeding on the same facts alleged in his complaint in this case, Judge Rebecca G. Jennings found that Plaintiff "was seized when LMPD officers removed [him] from underneath [a] parked vehicle at the gas station and prevented [him] from leaving," a point which the parties did not dispute. *United States v. Stiff*, No. 3:24-cr-22-RGJ, DN 46, PageID # 244. Judge Jennings found that, once Plaintiff was placed in handcuffs, he spontaneously stated that he had a gun, gesturing to the pocket in the front of his sweatshirt, where officers observed the handle of a revolver, which they then removed. *Id.* at PageID # 242.

In *Heck*, the Supreme Court held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction

or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Such claims in pending civil cases should be stayed pending the outcome of the criminal case. The Supreme Court explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393 (2007). Accordingly, the Court will stay this case with regard to Plaintiff's claims of unlawful search and seizure and wrongful arrest.

### B. Malicious prosecution claim

"The Sixth Circuit 'recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment[.]'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006)). A § 1983 malicious-prosecution claim accrues at termination of the criminal proceeding in favor of the accused. *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017); *Heck*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). Thus, because Plaintiff's federal criminal case is still pending, the Court will dismiss his malicious-prosecution claim without prejudice to refiling if his criminal action terminates in his favor.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED that Plaintiff's claims of unlawful search and seizure and wrongful arrest are STAYED pending completion of his pending federal criminal case**.

**IT IS FURTHER ORDERED** that Plaintiff's malicious prosecution claim is **DISMISSED** without prejudice.

Date: March 17, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009